1  Zohreh Khabushani
   757 Triunfo Canyon Road
2  Westlake Village, CA 91361
   Tel. No. (805) 870-4161
3

4
   Plaintiff In Pro Per
5

6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             SAN FERNANDO VALLEY DIVISION

11  IN RE:                                )  CASE NO. 1:09-BK-18679-MB
                                          )
12  ZOHREH  KHABUSHANI  aka  ZOHREH       )  Chapter 7
                                          )
13  GOWHARI KHABUSHANI,                   )
              Debtor.                     )  ADV. CASE NO.
                                          )
14  _____ )  COMPLAINT FOR BREACH OF
                                          )  WRITTEN STIPULATION AND
15                                        )  SETTLEMENT AGREEMENT;
    ZOHREH KHABUSHANI                     )  DECLARATORY RELIEF AND IN THE
16              Plaintiff,                )  ALTERNATIVE OR IN CONJUNCTION
                                          )  WITH, SPECIFIC PERFORMANCE AND
17  v.                                    )  AVOIDANCE OF LIEN, TO THE
                                          )  EXTENT REQUIRED
18  NAJILA K. BRENT; LAW OFFICE OF        )
    NAJILA BRENT, a Professional Law      )
19  Corporation, AND DOES 1 through 10,   )
    Inclusive                            )  DATE:    Refer to Summons
20              Defendants.              )  TIME:
                                          )  CRTRM: 303
21                                        )         21041 Burbank Boulevard
    _____ )         Woodland Hills, CA 91367
22                                        )
                                          )
23

24

25

26

27

28

                              1
                         COMPLAINT

Plaintiff/Debtor, ZOHREH KHABUSHANI ("Plaintiff"), pursuant to Rule 7001,

of the Federal Rule of Bankruptcy Procedure 7001, hereby files this "Complaint for Breach of

Written Stipulation and Settlement Agreement; Declaratory Relief, And in the Alternative Or In

Conjunction With, Specific Performance, and Avoidance of Lien, To the Extent Required",

against Defendants NAJILA K. BRENT ("Brent") and LAW OFFFICES OF NAJILA BRENT, A

Professional Law Corporation ("Law Office"), and all necessary parties for the relief requested

herein as to Does 1 through 10, and state as follows:

## JURISDICTION AND VENUE

1.      This adversary proceeding relates to and arises under the Chapter 7 case of *In re Zohreh*

*Khabushani aka Zohreh Gowhari Khabushani, Case No. 1:09-bk-18679-AA* (the "Chapter 7

Case"), which has been ordered reopened pursuant to Plaintiff/Debtor's Motion to Reopen, and

Adversary Proceeding previously filed by Ramin against Plaintiff/Debtor in the case of *Ramin*

*Zarrin-Ehtram v. Zohreh Khabushani,* Adv. Case No. 1:10-ap-01461-AA (the "Adversary

Proceeding"). The Chapter 7 Case was commenced on July 14, 2009 (the "Petition Date"). This

Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §

157(a) and (b) and 28 U.S.C. § 1334 (b). This matter is a core proceeding within the meaning of

28 U.S.C. §157(b)(2) (F) and (I), as applicable. Venue is proper in Central District of California

pursuant to 28 U.S.C. §1408. Plaintiff seeks and is entitled to declaratory relief and other relief

pursuant to 28 U.S.C. §§2201(a) and 2202, and in the alternative or in conjunction therewith,

relief pursuant to 11 U.S.C. §§502 and 105.

## SUMMARY OF THE ACTION

2.      An actual, ripe and justiciable controversy exists on all Counts arising from the following

factual and legal issues:

(i) whether Defendants, as current Assignees of record of the original Judgment Creditor

1  of the January 11, 1996 State Court Judgment ("1996 State Court Judgment") against Plaintiff, are

2  in breach of the written Stipulation for Entry of Judgment and Settlement Agreement entered

3  between Plaintiff/Debtor and Defendants Ms. Brent and her Law Office (hereinafter collectively

4  referred to as "Defendants") entered on or about October 4, 2012 in the Chapter 7 Case and

5  Adversary Proceeding, wherein they agreed to settle the Adversary Proceeding in order to avoid

6
7  further litigation expenses in the State Court proceedings and in the Bankruptcy Courts (the

8  "Settlement Agreement").

9        In the Settlement Agreement, the parties mutually agreed as follows: (i) that the 1996

10 Judgment, which was renewed on December 23, 2005 would be reduced to Five Hundred

11 Thousand Dollars ($500,000) against Plaintiff; (ii) and that 1996 Judgment against Plaintiff could

12 only be enforced by Defendants until January 11, 2016; (iii) that the 1996 Judgment against

13 Plaintiff would be considered a dischargeable debt after January 11, 2016; (iv) that the Stipulation

14
15 and Settlement Agreement would be binding and effective against Plaintiff/Debtor in any other

16 pending case or any other actions filed by Debtor, voluntary or involuntary under the Bankruptcy

17 Code; and (V) that should any dispute arise regarding the Stipulation and Settlement Agreement,

18 the United States Bankruptcy Court for the Central District of California, Woodland Hills,

19 Division, shall have the exclusive jurisdiction to determine the same.  [Doc. #54, Case No. 1:10-

20 ap-01461-AA]:

21        (ii) Whether Defendants' Reduced Judgment of $500,000 was only valid and effective

22 against Plaintiff/Debtor until January 11, 2016, and after that date, the money judgment against

23
24 Plaintiff became a discharged debt, such that Defendants could no longer enforce or collect on the

25 judgment against Plaintiff.

26        (iii)  Whether Defendants could still enforce and collect on the 1996 Judgment and/or

27 Reduced Judgment of $500,000 against Plaintiff after the parties' agreed discharged of

28

indebtedness date of January 11, 2016.

(iv) Whether Plaintiff's debt to Defendants as represented by the Reduced Judgment, in the amount of $500,000 was discharged after January 11, 2016, and as such Plaintiff is no longer obligated to pay such indebtedness to Defendants after the parties' agreed discharged of indebtedness date of of January 11, 2016 and thereafter;

(v) Whether Defendants could no longer enforce or collect the Reduced Judgment against Plaintiff/Debtor and/or have no more rights to record any abstract of judgment or have a writ of execution against any real or personal property owned by Plaintiff after the parties' agreed discharged of indebtedness date of January 11, 2016; and

(vi) Whether the Abstracts of Judgment, the charging order, as well as the writ of execution obtained by Defendants against Plaintiff's properties after the parties' agreed discharged of indebtedness date of January 11, 2016, are ineffective, invalid and unenforceable against Plaintiff.

## PARTIES

3.    Plaintiff/Debtor is an individual, and a resident of Los Angeles County, State of California.

4.    Defendant Brent is an individual, and a resident of Los Angeles County, State of California

5.    Defendant Law Office is a professional law corporation owned and managed by Defendant Brent.

## FACTUAL BACKGROUND

6.    On January 11, 1996, a Judgment in the amount of $1,319,520.16 (the "Judgment") was entered in favor Defendant Ramin and against Plaintiff and her husband, Michael Khabushani in the State Court proceeding filed by Ramin's predecessor-in-interest, entitled *Hassan Zarrin-Ehteram v. Zohreh Khabushani et al,* Case No. PC 003379 (the "Underlying Action").

7.    On May 2, 1999, the right to collect and enforce the 1996 Judgment against Plaintiff was

assigned to Defendant Ramin Zarrin-Ehteram ("Ramin").

8.      On or about December 23, 2005, the Judgment was renewed by Defendant Ramin in the total amount of $2,639,204.16 plus 10% interest from the time of renewal.

9.      On July 14, 2009, Plaintiff/Debtor filed a Chapter 7 Case seeking to discharge her indebtedness owed on the 1996 Judgment.

10.     On October 22, 2009, Defendant Ramin filed the Adversary Proceeding against Plaintiff/Debtor.

11.     On or about October 4, 2012, Plaintiff and Defendants agreed to settle the disputes in the Adversary Proceeding by entering into a Settlement Agreement, and mutually agreed as follows: (i) that the 1996 Judgment, which was renewed on December 23, 2005 would be reduced to Five Hundred Thousand Dollars ($500,000) against Plaintiff; (ii) and that 1996 Judgment against Plaintiff could only be enforced by Defendants until January 11, 2016; (iii) that the 1996 Judgment against Plaintiff would be considered a dischargeable debt after January 11, 2016; (iv) that the Stipulation and Settlement Agreement would be binding and effective against Plaintiff/Debtor in any other pending case or any other actions filed by Debtor, voluntary or involuntary under the Bankruptcy Code; and (V) that should any dispute arise regarding the Stipulation and Settlement Agreement, the United States Bankruptcy Court for the Central District of California, Woodland Hills Division, shall have the exclusive jurisdiction to determine the same. A true and correct copy of the Stipulation for Entry of Judgment and Settlement Agreement is attached as Exhibit "1".

12.     On October 17, 2012, the Stipulation and Settlement Agreement was entered by the Court. [Doc. #51, Adversary Proceeding].

13.     On January 11, 2016, Defendant Brent and Law Office filed a State Court Action against Plaintiff and other defendants seeking to enforce the 1996 Judgment against Plaintiff, and for

Fraudulent Transfers and Aiding and Abetting for Fraudulent Transfer in the Los Angeles Superior Court entitled, *Ramin Zarrin-Ehteram v. Zohreh Khabushani et al,* Case No. LC103757 ("State Court Action").

14.    On or about July 5, 2017, Ramin Zarrin Ehteram assigned and conveyed all of his rights and title and interest to enforce the 1996 Judgment as well as the Reduced Judgment to Defendants against Plaintiff.  A true and correct copy of the Assignment of Judgment and the Acknowledgment of Assignment of Judgment is attached as Exhibit "2".

**FIRST CAUSE OF ACTION**
**(FOR BREACH OF WRITTEN STIPULATION AND SETTLEMENT AGREEMENT**
**AGAINST ALL DEFENDANTS)**

15.    Plaintiff refers to the allegations set forth in paragraphs 1 through 14, inclusive, and incorporates the same herewith by this reference as though fully set forth herein at length.

16.    Plaintiff did all, or substantially all, of the significant things that the Agreement required of her to do, except those conditions that were waived, excused or rendered impossible to be performed by Plaintiff.

17.    Defendants breached the terms of the Settlement Agreement in that despite their knowledge and agreement that their right to enforce and collect on the Reduced Judgment of $500,000 against Plaintiff, would only be valid and effective until January 11, 2016, and after that date, Defendants could no longer enforce or collect on the 1996 Judgment or the Reduced Judgment against Plaintiff, Defendants filed the State Court Action against Plaintiff seeking to enforce the judgment against her; filed an application to renew Reduced Judgment and used same to record various Abstracts of Judgment against Plaintiff's properties, including obtaining a Charging Order against Plaintiff in the State Court proceeding.

18.    Plaintiff demanded that Defendants dismissed her in the State Court Action but they refused and continue to refuse to dismiss Plaintiff from said action.   Instead, Defendants named

1  and continue to name and implicate other defendants in the said action allegedly as Plaintiff's co-

2  conspirators in preventing them from enforcing the 1996 Judgment against Plaintiff.

3  19.    After the 1996 Judgment was assigned to Defendants on July 5, 2017, Plaintiff reiterated

4  her request to Defendants as the assignee and successor-in-interest in the 1996 that they dismissed

5  her from the State Court Action but they still refused and continue to refuse to dismiss her from

6  said action.

7  20.    As proximate result of Defendants' breach of the agreement, Plaintiff has incurred

8  unnecessary attorney's fees and cost in order to force Defendants to abide and comply with the

9  terms of the agreement, and has therefore suffered damages in excess of $100,000 to be proven at

10  time of trial.

## SECOND CAUSE OF ACTION

### (FOR DECLARATORY RELIEF AGAINST ALL DEFENDANTS)

21.    Plaintiff refers to the allegations set forth in paragraphs 1 through 12, inclusive, and
incorporates the same herewith by this reference as though fully set forth herein at length.

22.    Plaintiff contends, among other things:

    a.    Defendants, in renewing the Reduced Judgment with the State Court as well as
        causing the recording of several abstracts of judgment against Plaintiff/Debtor's
        properties, are in breach of the written Stipulation for Entry of Judgment and
        Settlement Agreement.

    (b)    Defendants' Reduced Judgment of $500,000 was only valid and effective
        against Plaintiff/Debtor until January 11, 2016, and became a discharged
        debt after January 11, 2016;

    (c)    Defendants could no longer renew or seek to enforce the Reduced Judgment of
        $500,000 after January 11, 2016, as against Plaintiff.

(d)   Plaintiff's debt to Defendants as represented by the Reduced Judgment was discharged after January 11, 2016, and as such Plaintiff is no longer obligated to pay such indebtedness to Defendants as of January 12, 2016 and thereafter.

(e)   Defendants have no more rights or entitlement to either enforce or collect the Reduced Judgment against Plaintiff/Debtor, including the right to record any abstract of judgment or have a writ of execution against any real or personal property owned by Plaintiff; and

(f)   The Abstracts of Judgment, the charging order, as well as the writ of execution obtained by Defendants, and recorded as an encumbrance and lien against Plaintiff's properties are invalid and unenforceable against Plaintiff.

23.   Plaintiff desires a judicial determination of the respective rights of the parties under the terms of the Stipulation and Settlement Agreement. Such a declaration is necessary and appropriate at this time in order to effect full relief, to prevent an undue burden on the parties, and to prevent multiplicity of actions.

**THIRD CAUSE OF ACTION**
**(FOR SPECIFIC PERFORMANCE AGAINST ALL DEFENDANTS)**

24.   Plaintiff refers to the allegations set forth in paragraphs 1 through 23, inclusive, and incorporates the same herewith by this reference as though fully set forth herein at length.

25.   Plaintiff believes that she has no adequate remedy at law to enforce the provisions of the Stipulation and Settlement Agreement, and any necessary obligations arising from or related thereto, other than specific enforcement as requested in this cause of action and further believes that this Court is the proper forum to adjudicate the relief requested.

26.   Plaintiff is entitled to specific performance of the terms, conditions and provisions of the Stipulation and Settlement Agreement, by court decree, among other things, ordering Defendants to execute any and all documents necessary to effectuate the Stipulation and Settlement

8

COMPLAINT

1    Agreement as its applies to Plaintiff.

2    **PRAYER FOR RELIEF**

3    WHEREFORE, Plaintiff prays that after due proceedings this Court enter an order for

4    declaratory relief and judgment in favor of Plaintiff as follows:

5    A.    Declaring that:

6
7        a.    Defendants, filing the State Court Action against Plaintiff in seeking to still

8              enforce and collect against Plaintiff, and in renewing the Reduced Judgment with

9              the State Court as well as causing the recording of several abstracts of judgment

10             against Plaintiff/Debtor's properties,  are in breach of the written Stipulation for

11             Entry of Judgment and Settlement Agreement.

12       (b)   Defendants' right to enforce and/or collect on the 1996 Judgment as well as the

13             Reduced Judgment of $500,000 had already expired pursuant to their

14             against Plaintiff on January 11, 2016.

15
16       (c)   Plaintiff's debt to Defendants as represented by the Reduced Judgment was

17             discharged on January 11, 2016, and as such Plaintiff is no longer obligated to pay

18             such indebtedness to Defendants as of January 12, 2016 and thereafter.

19       (d)   Defendants have no more rights or entitlement to either  enforce or collect the

20             Reduced Judgment against Plaintiff/Debtor, including the right to record

21             any abstract of judgment or have a writ of execution against any real or personal

22             property owned by Plaintiff; and

23
24       (e)   The Abstracts of Judgment, the charging order,  as well as the writ of execution

25             obtained by Defendants, and recorded as an encumbrance and lien against

26             Plaintiff's properties are invalid and unenforceable against Plaintiff.

27    B.    Ordering that all Defendants and each of them to complete and execute any and all further

28

documentation necessary to effectuate the terms of the Stipulation and Settlement Agreement as it applies to Plaintiff.

C.    For reasonable attorney's fees to the extent permitted by law.

D.    For costs of suit;

E.    For such other relief as this Court deems proper and just.

Respectfully Submitted:

DATED: August 8, 2019

Zohreh Khabushani, Petitioner In Pro Per

EXHIBIT "1"

1   NAJILA K. BRENT, SBN 153710
    LAW OFFICES OF NAJILA K. BRENT
2   A PROFESSIONAL LAW CORPORATION
    3424 Carson Street, Suite 500
3   Torrance, California  90503
    Phone: (310) 214-1477
4   Fax: (310) 214-0764
    **IN ASSOCIATION WITH :**
5   ANTHONY ROTHMAN , SBN 143546
    ROTHMAN LAW OFFICES
6   1901 Avenue of the Stars, 2nd Fl.
    Los Angeles, California  90067
7
    Attorneys for Judgment Creditor/Assignee of Record, Ramin Zarrin-Ehteram
8

9                **UNITED STATES BANKRUPTCY COURT**

10               **CALIFORNIA CENTRAL BANKRUPTCY COURT**

11               **WOODLAND HILLS DIVISIONAL OFFICE**

12
    IN RE                                    )    CASE NO.:      1:09-bk-18679-AA
13  ZOHREH KHABUSHANI, aka                   )
    ZOHREH GOWHARI  KHABUSHANI               )    {CHAPTER 7}
14             Debtor,                        )
                                             )    ADV. CASE NO. 1:10-ap-01461-AA
15  RAMIN ZARRIN EHTRAM                      )
                                             )    **STIPULATION FOR  ENTRY OF**
16             Plaintiff/Creditor,           )    **JUDGMENT AND SETTLEMENT**
                                             )    **AGREEMENT**
    vs.                                      )
17                                           )    *[CONCURRENTLY LODGED THE*
    ZOHREH KHABUSHANI,                       )    *STIPULATED JUDGMENT]*
18                                           )
               Defendant/Debtor.            )
19  _____      )

20  **TO THE HONORABLE ALAN M. AHART, UNITED STATES BANKRUPTCY**

21  **COURT JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE, NANCY J.**

22  **ZAMORA, TRUSTEE AND ALL INTERESTED PARTIES:**

23      A.   On  January 11, 1996 a Judgement in the amount of

24  $1,319,520.16 was entered in favor of Plaintiff/Creditor Hassan

25  Zarrin Ehteram  and  against Defendant/ Debtor Zohreh Khabushani

26  aka Zohreh Gowhari Khabushani (Defendant/Debtor") and her husband

27  and Co-Defendant and Co-Debtor  Michael M. Khabushani, jointly

28  and severally ("Judgment") in the Superior Court of the

                                    1

1   State of California, entitled Hassan Zarrin-Ehteram vs.

2   Zohreh Khabushani ; Michael M. Khabushani,Lucrimax

3   Corporation, et.al. Case No.  PC 003379 (the "State Court

4

5   Proceeding").

6       B.   On May 2, 1999, the Judgment was assigned by

7   General Assignment to Ramin Zarrin-Ehteram, the Plaintiff

8   and Creditor herein ("Plaintiff/Creditor").

9

10      C.   On December 23, 2005, the Judgment was were renewed

11  by Plaintiff/ Creditor in the total amount of $2,639,204.16

12  plus 10% interest from the time of renewal.

13

14      D.   On July 14, 2009, the Defendant/ Debtor Zohreh

15  Khabushani aka Zohreh Gowhari Khabushani filed a Voluntary

16  Petition for Bankruptcy under Chapter 7, which was

17  converted to Chapter 11 and again Chapter 7 in November

18  2009, Case No. 1: 09-bk-18679- AA  ( the " Bankruptcy

19  Action").  On March 9, 2010, Defendant was discharged.

20

21      E.   On October 22, 2010 Plaintiff filed a Complaint for

22  Revocation of Discharge of Defendant/Debtor  Zohreh

23  Khabushani  Adversary Case  No.  1:10-ap-01461-AA (.  (The

24  "Adversary Action").

25

26      F.   Plaintiff and  Defendant  (all of whom  are sometimes

27  hereinafter referred to as "the Parties") now desire to settle

28  this Adversary Proceeding to avoid the expense of another round

1  of litigations, motions, trials and appeals and additional costs

2  and attorneys' fees, in the State Court Proceeding and in the

3  Bankruptcy Courts after evaluating their respective positions in

4  conjunction with their attorneys and have determined that it is

5  in their best interests to try to resolve this matter through

6

7  settlement negotiations in the Adversary Action

8       Based on the foregoing facts and in consideration of

9  covenants contained herein and the terms and provisions set forth

10 herein below, the receipt and sufficiency of which consideration

11 is hereby acknowledged , Plaintiff, represented by Najila Brent

12 and Law Offices of Najila K. Brent, A Professional Law

13 Corporation; and Defendant, represented by Brian Nomi and Law

14 Offices of Brian Nomi, stipulate as follows:

15

16      1.  Defendant agrees, affirms and reaffirms the Default

17 judgment of January 11, 1996 and its renewal of December 23, 2005

18 up to the amount of  Five Hundred Thousand Dollars ($500,000.00).

19 Judgment may be entered in this adversary proceeding on these

20 terms.

21      2.  Defendant stipulates for said Judgment to be valid,

22 effective and non-dischargeable through January 11, 2016, at

23 which time shall not be renewable.

24      3. Defendant stipulates that this agreed judgment shall be

25 independent and separate from any judgment or adversary claim

26 that Plaintiff has or might have against Defendant's husband,

27 Michael Khabushani.

28

---

3

STIPULATION FOR JUDGMENT

4. Plaintiff stipulates that the aggregate amount of this sipulated Judgment shall be $500,000.00. Plaintiff stipulates that Defendant has the option to fully satisfy this $500,000.00 Stipulated Non-Dischargeable Judgment by a one time payment of $100,000.00, or any mutually agreed amount, if paid within one year from the date of this Stipulation. All payments to be made to Plaintiff shall be payable to Najila K. Brent, APLC, and sent to the following address unless otherwise designated by Ms. Brent in writing:

Najila K. Brent, Esq.

Law Office of Najila K. Brent, APLC

3424 Carson St. Ste. 500

Torrance, CA 90503

5. Plaintiff stipulates that said judgment shall not be executed against Defendant's salary, teacher's pension and/or retirement benefit.

6. The parties agree that this settlement does not in any way affect the rights of or against Michael M. Khabushani.

7. This Stipulation and the related Orders and Judgments are binding and effective against Defendant Zohreh Khabushani ~~and her heirs and assign~~ and in any other pending case or any other actions filed by Debtor, voluntary or involuntary under the Bankruptcy Code.

8. All Parties covenant and warranty they have full rights and authority to execute this Stipulation for Entry of Judgment and bind such entity to the terms and conditions set forth herein.

9.   Should any dispute regarding this Stipulation for Entry of Judgment and Settlement Agreement, the United States Bankruptcy Court for the Central District of California, Woodland Hills Division shall have the exclusive jurisdiction to determine the same.

10.  Except as to the terms agreed under this Stipulation, the Parties to the  Adversary Action shall bear their own attorney's fees and costs.

11.  Plaintiff shall dismiss this adversary complaint in its entirety and with prejudice upon signing of this Stipulation and approval and Entry of the Judgment regarding this Stipulation by the Bankruptcy Court.

12.  This Stipulation may be executed in one or more counterparts and by facsimile transmission and e-mail, each of which when executed and delivered shall be deemed to be an original, and all of which when executed shall constitute one and the same instrument.

13.  Time is of the essence in the performance of this Stipulation.


DATED: Oct. ___, 2012          **LAW OFFICE OF BRIAN NOMI**



By: _____
    Brian Nomi
    Attorney for Debtor/Defendant
    Zohreh Khabushani aka Zohreh
    Gowhari Khabushani

1

2

3

DATED: Oct. __4__, 2012                    **LAW OFFICE OF NAJILA BRENT, APC**

4

5

6

By: _____

7            Najila Brent
           Attorney for Plaintiff Ramin

8            Zarrin Ehteram

9

DATED: Oct. ___, 2012

10

By: _____

11          Zohreh Khabushani

12

DATED: Oct. __4__, 2012

13

By: _____

14            Najila Brent, Authorized Agent AND REPRESEN
         FOR Ramin Zarrin Ehteram

15

16

17

**DOCUMENT REFERENCE:**

18

**STIPULATION FOR   ENTRY OF   JUDGMENT AND SETTLEMENT AGREEMENT**

19

**ADV. CASE NO. 1:10-ap-01461-AA**

20

21

22

23

24

25

26

27

28

DATED: Oct. 4, 2012                    LAW OFFICE OF NAJILA BRENT, APC

By: _____
    Najila Brent
    Attorney for Plaintiff Ramin
    Zarrin Ehteram

DATED: Oct. 8, 2012                    By: _____
                                       Zohreh Khabushani

DATED: Oct. 4, 2012                    By: _____
                                       Najila Brent, Authorized Agent AND REPRESEN
                                       For Ramin Zarrin Ehteram

DOCUMENT REFERENCE:

STIPULATION FOR ENTRY OF JUDGMENT AND SETTLEMENT AGREEMENT

ADV. CASE NO. 1:10-ap-01461-AA

6
STIPULATION FOR JUDGMENT

1    DATED: October 15 ,2012          ROTHMAN LAW OFFICES

2                                                //S//

3                                     By:_____
                                          ANTHONY ROTHMAN
4                                     Attorneys for for Plaintiff and Creditor
                                      Ramin Zarrin-Ehteram
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      7

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1901 Avenue of the Stars. 2nd FL., Los Angeles, California 90067

A true and correct copy of the foregoing document described as **STIPULATION FOR ENTRY OF JUDGMENT AND SETTLEMENT AGREEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 15, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

drh@forbankruptcy.com, David R. Hagen, Chapter 7 Trustee,former Trustee
ustpregion16.wh.ecf@usdoj.gov, US Trustee (SFV)
steveburtonlaw@aol.com, Steve Burton, former counsel
anthony@arothmanlaw.com; Anthony J Rothman
Zamora3@aol.com, Nancy J. Zamora, Chapter 7 Trustee, present Chapter 7 Trustee
briannomi@yahoo.com, Brian Nomi, present counsel for Defendant and Debtor Zohreh Khabushani

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On October 15 ,2012 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
SEE THE ATTACHED SERVICE LIST

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 15 ,*2012* I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
SEE THE ATTACHED SERVICE LIST

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 15 , 2012 | ANTHONY ROTHMAN | //S// ANTHONY ROTHMAN |
|---|---|---|
| Date | Type Name | Signature |

1

2

**SERVICE LIST**
IN RE ZOHREH KHABUSHANI

3
AKA
ZOHREH GOWHARI KHABUSHANI

4
CASE NO.:    1:09-bk-18679-AA
ADV. CASE NO.: 1:10-ap-01461-AA

5

6

7
**HONORABLE  ALAN  M. AHART**

8
**US BANKRUPTCY COURT JUDGE**
21041 BURBANK BLVD., COURTROOM 303

9
WOODLAND HILLS, CA 91367-6606

10

11
**NANCY J ZAMORA (TR)**                    Trustee Assigned: 01/28/2011)

12
U.S. BANK TOWER

13
633 WEST 5TH STREET, SUITE 2600
LOS ANGELES, CA 90071

14
213-488-9411
213-488-9418 (FAX)

15
Zamora3@aol.com

16

17
UNITED STATES TRUSTEE (SV)

18
21051 WARNER CENTER LANE, SUITE 115

19
WOODLAND HILLS, CA 91367-6550

20
ustpregion16.wh.ecf@usdoj.gov

21

22
**ZOHREH KHABUSHANI**                    Debtor and Defendant

23
4027 PORTULACA PL

24
WESTLAKE VILLAGE, CA 91362

25
BRIAN NOMI, ESQ.                    Attorney for Debtor and

26
Law Office of Brian Nomi                    Defendant Zohreh
215 E. Daily Dr. #28                    Khabushani

27
Camarillo, CA 93010

28
briannomi@yahoo.com

EXHIBIT "2"

ORIGINAL

1  Najila K. Brent, SBN 153710
   LAW OFFICES OF NAJILA K. BRENT
2  A PROFESSIONAL LAW CORPORATION
   3424 Carson Street, Suite 500
3  Torrance, CA 90503
   Ph: (310) 214-1477
4  Fx: (310) 214-0764

5  Attorneys for Assignee



**FILED**
Superior Court of California
County of Los Angeles

SEP 2 2 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
     Steve Orozco

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                      FOR THE COUNTY OF LOS ANGELES

9

10  HASSAN ZARRIN-EHTERAM,            )    CASE NO.  PC 003379
                                      )
11              Plaintiff,            )
                                      )
12      vs.                           )    **ASSIGNMENT OF JUDGMENT**
                                      )
13  HASSAN HAJIRASSOULI, an individual; )
    ZOHREH FARARUEE, an individual;   )
14  TICOR TITLE INSURANCE COMPANY OF )
    CALIFORNIA, a corporation; ZOHREH  )
15  KHABUSHANI , an individual; MICHAEL )
    M. KHABUSHANI, an individual;     )
16  LUCRIMAX CORPORATION, a           )
    corporation; and all persons unknown )
17  claiming any legal title, estate, lien or interest )
    in the property described in the first amended )
18  verified complaint adverse to plaintiffs' title, )
    or any cloud on title thereto, and DOES 1 )
19  through 100, inclusive.           )
                                      )
20              Defendants.           )
                                      )
21                                    )
                                      )
22  _____ )

23

24          For the value received, I , RAMIN ZARRIN-EHTERAM, the Assignee of Judgment

25  Creditor/Assignee of Record  herein, assign to  NAJILA K. BRENT, Najila K. Brent  A Professional

26  Law Corporation  the money judgment rendered in the above -entitled action in favor of Plaintiff and

27  Judgment Creditor HASSAN ZARRIN-EHTERAM  and against Defendants and Judgment Debtors

28  MICHAEL M. KHABUSHANI and  ZOHREH  KHABUSHANI entered on January 11, 1996 in the

                                      1

1   State Court Case No. PC003379 and declared non-dischargeable on February 6,1996 in the Bankruptcy

2   Court Case No. LA-91-10589-WL and ADV No. LA 92-01825-WL and on October 17,2012 in the

3   Bankruptcy Court Case 1:09-bk-18679-AA and 1:10-ap-01461-AA, and as last renewed on December

4   7, 2015. I intend hereby unconditionally and irrevocably assign and transfer all my right, title, and

5   interest in any sums of money due by reason of that judgment to NAJILA K. BRENT, Najila K. Brent

6   A Professional Law Corporation.

7        I fully warrant and acknowledge that I have full rights and authority to enter into this assignment

8   and that the rights and benefits and interests assigned hereunder are free and clear of any lien,

9   encumbrance, adverse claim or interest by any third party.

10       This assignment shall be binding upon and insure to the benefit of the parties, and their

11  successors, heirs and assigns.

12

13  Signed this _5_ day of ~~June~~ *July* , 2017        **AGREED, APPROVED AND ACKNOWLEDGED**
                                                         **THE ABOVE ASSIGNMENT**

14                                                        *Ramin ZarrinEhteram*

15
                                                         RAMIN ZARRIN-EHTERAM, ASSIGNEE OF
16                                                       JUDGMENT CREDITOR AND ASSIGNOR

17

18

19

20  EMBASSY OF SWITZERLAND
    U.S. INTERESTS SECTION
21
    Seen for authentication of the signa-
22  ture and for the seal of
    ZARRIN EHTERAM, RAMIN, DOB
23  Q.۱.٩/۱۹٦۱,۱.R. Dpt.X.3.2.8.2.٦.٤٩
    DOI: 02.۱.۱٩./.2015
24  DOE: 02.۱.۱٩./.2020

25  This authentication concerns
    only the signature(s) and not
26  the contents of the document(s)

27  CHF40 = IRR۱,550,000 /۸۸.۱/۱.۱ GVO
    Tehran. JUL 5, 2۰17 /FARSNA
28  For the Ambassador of Switzerland



Martin Maier
Head of Section & Counselor

2

**ASSIGNMENT OF JUDGMENT**

3

Holder's Signature



Country of Residence :
ISLAMIC REPUBLIC OF IRAN
Place of Issue :
IMMIGRATION AND PASSPORT
POLICE

کشور محل اقامت :
جمهوری اسلامی ایران
محل صدور :
پلیس مهاجرت وگذرنامه

شماره صدور گذرنامه : ۱۷۴۰۱۶۲۴



Q622MOU7C4VPQ-HQ27GIEQU5NMA

Name & Position of Issuing Authority :
COLONEL EBRAHIM REZAEI NEJAD-
IMMIGRATION AND PASSPORT POLICE CHIEF

نام و سمت صادرکننده :
سرهنگ پاسدار ابراهیم رضائی نژاد-رئیس پلیس مهاجرت وگذرنامه



---

۳۳۲۸۱۲۴۹

جمهوری اسلامی ایران
**ISLAMIC REPUBLIC OF IRAN**
**PASSPORT**

Type : P    Country code : IRN    Passport No : X33281249

شماره ملی : ۰۴۵-۰۵۶۶۳۸-۲

Surname : **ZARRINEHTERAM**    نام خانوادگی : زرین‌احترام

Name : **RAMIN**    نام : رامین

Father's Name : **HASSAN**    نام پدر : حسن

Date & Place of Birth : **12/09/1971 - SHEMIRAN**    تاریخ و محل تولد : شمیران - ۱۳۵۰/۰۶/۲۱

شماره شناسنامه : ۱۹۲۱

Sex : M    جنس : مرد

Date of Issue : 18/02/2015    تاریخ صدور : ۱۳۹۳/۱۱/۲۹

Date of Expiry : 18/02/2020    تاریخ انقضاء : ۱۳۹۸/۱۱/۲۹

P<IRNZARRINEHTERAM<<RAMIN<<<<<<<<<<<<<<<<<<<
X332812497IRN7109120M2002189<<<<<<<<<<<<<<04

## PROOF OF SERVICE

STATE OF CALIFORNIA     )
                         )   ss
COUNTY OF LOS ANGELES   )

      I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3424 Carson Street, Suite 500, Torrance, CA 90503.

      On September 5 ,2017, I served the foregoing document described as: **ASSIGNMENT OF JUDGMENT,** on the interested parties in this action by placing true copies of enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

  X   (BY MAIL)   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Torrance, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

  __   (BY PERSONAL SERVICE) By personally delivering copies to the individual listed in the attached service list at the address listed in the attached service list or by personally delivering copies to the office of the individual listed above at the address listed above, in a package clearly labeled to identify the personal being served, with a receptionist or with a person in charge. *[C.C.P. § 1011]*

  __   (BY FEDERAL EXPRESS) By depositing copies of the above documents in a box or facility regularly maintained by Federal Express and bearing airbill number_____, in an envelope designated by Federal Express with delivery fees paid or provided for, addressed to the individual listed above, at the address listed above. *[C.C.P. §§ 1013©, 2015.5]*

  __   (BY FAX)   As follows: _____ at approximately _____ p.m. by use of facsimile machine number (310) 214-0764, I served as copy of the foregoing on the interested parties in this action by transmitting by facsimile machine to the following: *[C.C.P. § 1013(e)]*

  X   (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 5 ,2017, at Torrance, California.

*Leticia Gonzales*
Leticia Gonzales

# SERVICE LIST
## CASE NO PC 003379
### ZARRIN-EHTERAM V. HAJIRASSOULI, ET.AL.

**ZOHREH KHABUSHANI**
757 S. TRIUNFO CANYON RD.
WESTLAKE VILLAGE, CA 91361

**ZOHREH KHABUSHANI**
C/O SINALOA MIDDLE SCHOOL
601 ROYAL AVE.
SIMI VALLEY, CALIFORNIA 93065

**MICHAEL KHABUSHANI**
757 S. TRIUNFO CANYON RD
WESTLAKE VILLAGE, CA 91361

**MICHAEL KHABUSHANI**
128 AUBURN CT., SUITE 202
WESRLAKE VILLAGE, CA 91362

**REZA POURFARZIB AKA**
**REZA RAY POURFARZIB**
2020 Washington Avenue # 3
Santa Monica, CA 90403

**REZA POURFARZIB**
C/O MARVIN LEVY,ESQ.
C/O MOSES F. ABONAL
12340 SANTA MONICA BLVD., STE. 234
LOS ANGELES, CA 90025

F4

ORIGINAL

FILED
Superior Court of California
County of Los Angeles

SEP 29 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Steve Orozco

1 | Najila K. Brent, SBN 153710
LAW OFFICES OF NAJILA K. BRENT
2 | A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 500
3 | Torrance, CA 90503
Ph: (310) 214-1477
4 | Fx: (310) 214-0764

5 | Attorneys for Assignee of Record

6

7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 | **FOR THE COUNTY OF LOS ANGELES**

9

10 | HASSAN ZARRIN-EHTERAM,                     ) CASE NO.  PC 003379
                                             )
11 |             Plaintiff,                   )
                                             )
12 |       vs.                                )
                                             )   **ACKNOWLEDGMENT OF**
13 | HASSAN HAJIRASSOULI, an individual;      )   **ASSIGNMENT OF JUDGMENT**
     ZOHREH FARARUEE, an individual;         )
14 | TICOR TITLE INSURANCE COMPANY OF )
     CALIFORNIA, a corporation; ZOHREH       )
15 | KHABUSHANI , an individual; MICHAEL      )
     M. KHABUSHANI, an individual;           )
16 | LUCRIMAX CORPORATION, a                  )
     corporation; and all persons unknown    )
17 | claiming any legal title, estate, lien or interest )
     in the property described in the first amended )
18 | verified complaint adverse to plaintiffs' title, )
     or any cloud on title thereto, and DOES 1 )
19 | through 100, inclusive.                   )
                                             )
20 |             Defendants.                  )
                                             )
21 |                                          )
                                             )
22 | _____ )

23

24 |       1.      Assignee of Judgment Creditor herein , RAMIN  ZARRIN- EHTERAM , hereby

25 | acknowledges assignment of all his right, title and interest in the  money judgment entered in the above-

26 | entitled action in favor of Plaintiff and Judgment Creditor HASSAN ZARRIN-EHTERAM and against

27 | Defendants and Judgment Debtors MICHAEL M. KHABUSHANI and ZOHREH  KHABUSHANI,

28 |

1

**ACKNOWLEDGMENT OF ASSIGNMENT OF JUDGMENT**

1   which is presently in the principal sum of $ 5,236,397.72  plus 10% interest from the time of renewal

2   on December 7,2015 in the Bankruptcy Court and the State Court until satisfied in full.  This Judgment

3   is non-dischargeable in Bankruptcy.

4

5       2.      Assignee of Judgment Creditor/Assignor:        RAMIN ZARRIN-EHTERAM
                                                               C/o NAJILA K. BRENT, APLC.
6                                                              3424 Carson street, Suite 500
                                                               Torrance, California 90503
7

8
        3.      Judgment Debtor:                               MICHAEL M. KHABUSHANI
9                                                              128 Auburn Court, Suite #202
                                                               Westlake Village, California 91362
10

11      4.      Judgment Debtor                                ZOHREH KHABUSHANI
                                                               757 S. Triunfo Canyon Rd.,
12                                                             Westlake Village, CA 91361

13
        5.      Assignee:                                      NAJILA K. BRENT
14                                                             NAJILA K. BRENT A PROFESSIONAL
                                                               LAW CORPORATION
15                                                             3424 Carson Street, Suite 500
                                                               Torrance, California 90503
16

17      6.      The Judgment was entered on January 11, 1996 in the State Court Case No. PC003379

18  and entered as non-dischargeable on February 6,1996 in the Bankruptcy Court, Case No. LA-91-10589-

19  WL and ADV No. LA 92-01825-WL and on October 17,2012 in the Bankruptcy Court Case 1:09-bk-

20  18679-AA and 1:10-ap-01461-AA, and as last renewed on  December 7, 2015.

21

22  DATED: _07/05/2017_____

23                                          _Ramin Zarrin Ehteram_

24                                          BY:_____
                                                RAMIN ZARRIN-EHTERAM, ASSIGNOR

25

26

27

28

                                           2.
       **ACKNOWLEDGMENT OF ASSIGNMENT OF JUDGMENT**



3

انشاء دارنده گذرنامه
Holder's Signature

Country of Residence:   کشور محل اقامت:
ISLAMIC REPUBLIC OF IRAN   جمهوری اسلامی ایران
Place of Issue   محل صدور
IMMIGRATION AND PASSPORT   پلیس مهاجرت وگذرنامه
POLICE   شماره صدور گذرنامه: ۱۷۴۰۱۶۲۳

Q622MOU7C4VPQ-HQ27GIEQU5NMA

Name & Position of Issuing Authority:   نام و سمت صادرکننده:
COLONEL EBRAHIM REZAEI NEJAD-   سرهنگ پاسدار ابراهیم رضائی نژاد-رئیس پلیس مهاجرت وگذرنامه
IMMIGRATION AND PASSPORT POLICE CHIEF







۳۳۲۸۱۲۴۹

جمهوری اسلامی ایران
ISLAMIC REPUBLIC OF IRAN
PASSPORT

Type: P   Country code: IRN   Passport No: X33281249
شماره: ۲-۰۵۶۶۲۸-۴۵

Surname: ZARRINEHTERAM   نام خانوادگی: زرین احترام

Name: RAMIN   نام: رامین

Father's Name: HASSAN   نام پدر: حسن

Date & Place of Birth: 12/09/1971 - SHEMIRAN   تاریخ و محل تولد: شمیران - ۱۳۵۰/۰۶/۲۱

Sex: M   جنسیت: مرد   شماره شناسنامه: ۱۹۲۱
Date of Issue: 18/02/2015   تاریخ صدور: ۱۳۹۳/۱۱/۲۹
Date of Expiry: 18/02/2020   تاریخ انقضاء: ۱۳۹۸/۱۱/۲۹

P<IRNZARRINEHTERAM<<RAMIN<<<<<<<<<<<<<<<<<<
X332812497IRN7109120M2002189<<<<<<<<<<<<<<04

## PROOF OF SERVICE

| | | |
|---|---|---|
| STATE OF CALIFORNIA | ) | |
| | ) | ss |
| COUNTY OF LOS ANGELES | ) | |

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3424 Carson Street, Suite 500, Torrance, CA 90503.

On September _5_ ,2017, I served the foregoing document described as: **ACKNOWLEDGMENT OF ASSIGNMENT OF JUDGMENT,** on the interested parties in this action by placing true copies of enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

__X__    (BY MAIL)    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Torrance, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___    (BY PERSONAL SERVICE) By personally delivering copies to the individual listed in the attached service list at the address listed in the attached service list or by personally delivering copies to the office of the individual listed above at the address listed above, in a package clearly labeled to identify the personal being served, with a receptionist or with a person in charge. *[C.C.P. § 1011]*

___    (BY FEDERAL EXPRESS) By depositing copies of the above documents in a box or facility regularly maintained by Federal Express and bearing airbill number_____, in an envelope designated by Federal Express with delivery fees paid or provided for, addressed to the individual listed above, at the address listed above. *[C.C.P. §§ 1013©, 2015.5]*

___    (BY FAX)    As follows: _____ at approximately ___ p.m. by use of facsimile machine number (310) 214-0764, I served as copy of the foregoing on the interested parties in this action by transmitting by facsimile machine to the following: *[C.C.P. § 1013(e)]*

__X__    (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September _5_ ,2017, at Torrance, California.

Leticia Gonzáles

# SERVICE LIST
## CASE NO PC 003379
### ZARRIN-EHTERAM V. HAJIRASSOULI, ET.AL.


**ZOHREH KHABUSHANI**
757 S. TRIUNFO CANYON RD.
WESTLAKE VILLAGE, CA 91361

**ZOHREH KHABUSHANI**
C/O SINALOA MIDDLE SCHOOL
601 ROYAL AVE.
SIMI VALLEY, CALIFORNIA 93065

**MICHAEL KHABUSHANI**
757 S. TRIUNFO CANYON RD
WESTLAKE VILLAGE, CA 91361

**MICHAEL KHABUSHANI**
128 AUBURN CT., SUITE 202
WESRLAKE VILLAGE, CA 91362


**REZA POURFARZIB AKA**
**REZA RAY POURFARZIB**
2020 Washington Avenue # 3
Santa Monica, CA 90403

**REZA POURFARZIB**
C/O MARVIN LEVY,ESQ.
C/O MOSES F. ABONAL
12340 SANTA MONICA BLVD., STE. 234
LOS ANGELES, CA 90025

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

**RECEIVED**

**AUG - 9 2019**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

| PLAINTIFFS<br>ZOHREH KHABUSHANI | DEFENDANTS<br>NAJLA K. BRENT, aka NAJILA KORDROSTAM BRENT<br>NAJLA K. BRENT , A PROFESSIONAL LAW<br>CORPORATION |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>ZOHREH KHABUSHANI, PRO PER<br>757 TRIUNFO CANYON RD.<br>WESTLAKE VILLAGE,CA 91361    (805) 870-4161 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>X Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION**
BREACH OF STIPULATED AND WRITTEN AGREEMENT, MISREPRESENTATION,
DECLARATORY JUDGEMENT RELIEF AND FRAUDLENT ACTION ON MY RESIDEDENCE

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 25,000.00 |

| Other Relief Sought    Specific Performance and Declaratory Judgment |
|---|

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ZOHREH KHABUSHANI | BANKRUPTCY CASE NO.<br>1:09-BK-18679 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Woodland Hills | NAME OF JUDGE<br>Hon. Alan Ahart |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>Ramin Zarrin-Ehteram | DEFENDANT<br>Zohreh Khabushani | ADVERSARY<br>PROCEEDING NO.<br>1:10-ap-01461 |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Central District of California | DIVISION OFFICE<br>Woodland Hills | NAME OF JUDGE<br>Hon. Alan Ahart |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>8/8/2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>ZOHREH KHABUSHANI | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.